IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES EDWARD JONES,            :

    Plaintiff,                :

vs.                            :       CIVIL ACTION 05-0541-CG-C

MAPLES AND LOMAX, P.A., et al., :

    Defendants.               :

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Nature of Proceedings.**

The Court, in screening plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), concluded that more information was needed to establish subject matter jurisdiction and to clarify plaintiff's claims. (Doc. 5). To obtain this information from plaintiff, the Court scheduled a hearing after plaintiff's anticipated release from prison. (Doc. 5). On May 4, 2006, a hearing was held with plaintiff being present.

Because plaintiff's complaint (Doc. 1) lacks clarity, and whereas the information provided at the hearing clarified some, but not all, aspects of his claims, the following description of his claims is based on information contained in the complaint and obtained at the hearing. Plaintiff filed a § 1983 complaint against the law firm of Maples and Lomax, P.A., of Pascagoula, Mississippi; First Alabama Bank of Chickasaw, Chickasaw, Alabama; and his mother, Nettie Mae Jones, a resident of Prichard, Alabama. Plaintiff is suing because he did not receive checks from his asbestosis settlement. Plaintiff was represented by defendant Maples and Lomax on his asbestosis claims, and he tried to notify them during his incarceration that his address had changed from his Prichard, Alabama, address to a prison address. Plaintiff was initially incarcerated on August 6, 1993.

During plaintiff's incarceration approximately twenty of his checks were sent to his Prichard, Alabama, address and were negotiated by his mother and brother at defendant First Alabama Bank of Chickasaw and deposited into "their" account. In addition, plaintiff's mother and brother and now deceased father each received checks from their own asbestosis settlements. The total amount of plaintiff's checks that were negotiated by others is approximately $45,000. Plaintiff learned of this loss during the four months that he was released from prison in 2001 after defendant Maples and Lomax sent him the status of his settlement and he saw the front and back of the checks.

However, on September 2, 2001, he was returned to prison on a parole violation. Plaintiff did not file suit in 2001 because he had legal research to perform and his brother

had confiscated his records. Instead, he waited to file this action on or about September 19, 2005. (Doc. 1 at 8). Subsequently, plaintiff was released from prison on March 1, 2006.

Plaintiff claims that he has two checks that are outstanding; one of the checks is from International Paper in the amount of $1,250. Prior to going to prison, plaintiff had received five settlement checks. However, since his release, he has not received any checks. Furthermore, plaintiff's mother has not been shown to have acted under color of state law, nor is defendant First Alabama Bank of Chickasaw known to act under color of state law.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, the claim seeks to enforce a right which clearly does not exist, *id.*, or there is an affirmative defense that would defeat the claim, such as the statute of

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered. *See Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal,* 251 F.3d at 1348-49.

limitations, *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833.  Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)); *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

**III.  Discussion.**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986).  To determine if a private party acts under color of state law, the United States Supreme Court uses three tests:

> (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. *National Broadcasting Co., Inc. v. Communication Workers of America, AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988) (footnote omitted). The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." *NBC*, 860 F.2d at 1026 (citations omitted). The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC*, 860 F.2d at 1026 (citations omitted). The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *NBC*, 860 F.2d at 1026-27 (citations omitted).

*Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir.), *cert. denied*, 510 U.S. 976, 114 S.Ct. 468, 126 L.Ed.2d 420 (1993).

In the present action, plaintiff named as defendants entities that typically do not act under color of state law. That is, defendant Maples and Lomax, P.A. is a law firm, defendant First Alabama Bank of Chickasaw is a bank, and defendant Nettie Mae Jones is his mother. No showing has been made that any defendant acts under color of state law. Specifically, the allegations do not indicate that any defendant performed a traditional state function, was coerced by the state, or was a joint participant with the state in business. Therefore, considering the characteristics of these defendants, plaintiff's § 1983 action is frivolous.

However, if a defendant was found to be a state actor, another bar exists to preclude a § 1983 claim from proceeding - the statute of limitations. The statute of limitations in Alabama for a § 1983 claim is two years. *Lufkin v. McCallum*, 956 F.2d

1104, 1106, 1108 (11th Cir.), *cert. denied*, 506 U.S. 917, 113 S.Ct. 326, 121 L.Ed.2d 246 (1992); ALA. CODE § 6-2-38(l). The statute of limitations

> "'does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (quoting *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. *Calhoun*, 705 F.2d at 424; *Rubin*, 621 F.2d at 116; *Lavellee*, 611 F.2d at 1131. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury. *Lavellee*, 611 F.2d at 1131 (quoting *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

*Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

In the present action, before plaintiff was returned to prison on September 2, 2001, he was aware that twenty of his settlement checks had been negotiated by others while he had been previously incarcerated. Nonetheless, plaintiff did not file this action until September 19, 2005 (Doc.1 at 8), which is well beyond two years from the discovery of his checks being negotiated by others. Plaintiff offered no reason that would prevent the statute of limitations from being applied to his claims. *Hughes v. Lott,* 350 F.3d 1157, 1163 (11th Cir. 2003). Thus, a § 1983 action would be subject to dismissal as being barred by the two-year statute of limitations.

Furthermore, considering plaintiff's *pro se* status, the Court is examining his allegations to determine if there is another basis on which his claims could proceed in this

Court of limited jurisdiction.  The only other plausible basis for this Court's jurisdiction is diversity of citizenship jurisdiction.  However, diversity of citizenship jurisdiction is not supported by plaintiff's allegations.  The basis for diversity jurisdiction is found in 28 U.S.C. § 1332(a)(1), which provides:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

In the present action, plaintiff and defendants Nettie Mae Jones and First Alabama of Chickasaw appear to be citizens of Alabama based on their addresses, and defendant Maples and Lomax appears to be a citizens of Mississippi.  In order to establish diversity of citizenship jurisdiction there must be complete diversity, which "requires that no defendant in a diversity action be a citizen of the same state as any plaintiff."  *MacGinnitie v. Hobbs Group, LLC,* 420 F.3d 1234, 1239 (11th Cir. 2005).  Here, plaintiff has provided no allegations of citizenship, and two defendants and plaintiff are located in Alabama.  Plaintiff's failure to establish that defendants are citizens of states other than the state where he is a citizen precludes plaintiff from establishing diversity of citizenship jurisdiction.  *Id.* ("[A] corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business."); *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  Accordingly, the Court is unable to find that it has diversity of citizenship jurisdiction over plaintiff's action.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this 11th day of May, 2006.

> s/WILLIAM E. CASSADY
> **UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the

factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                s/WILLIAM E. CASSADY
                                                                UNITED STATES MAGISTRATE JUDGE